FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

00 MAR 30 AM 9:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAROLYN CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 00-PT-461-M |
| | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

ENTERED

MAR 30 2000

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff Carolyn Christian's ("plaintiff" or "Christian")

Motion to Remand, filed March 1, 2000.

## BACKGROUND

Plaintiff filed her complaint in the Circuit Court of Etowah County, Alabama, on January

26, 2000, alleging failure by the defendant Continental Casualty Company ("defendant" or

"CNA") to pay her claim for total disability under defendant's long term disability plan.   In her

complaint, plaintiff states the following:

> 1. Plaintiff has long term disability coverage under an insurance contract
> with Defendant which pays 60% of her income.
> 2. Plaintiff became totally disabled as defined by said policy on 9/23/98.
> 3. Plaintiff was entitled to benefits effective 2/23/99, five months after the
> onset date.
> 4. Defendant has refused to pay long term benefits.
> 5. Said refusal to pay benefits is without any lawful basis and/or was an
> intentional failure to determine whether there was a lawful basis to deny benefits.
> 6. Defendant's intentional bad faith refusal to pay benefits was

accompanied by malice, willfulness, or a wanton and reckless disregard[] of Plaintiff's rights.

      7.  Plaintiff is entitled to disability benefits, payment of back benefits, damages for mental distress, punitive damages, attorney fees, interest, and court costs.

      8.  Plaintiff has exhausted her administrative remedies.

      9.  Defendant has a pattern of denying similar claims.

Plaintiff's Complaint.

Defendant removed the suit to federal court on February 25, 2000, within 30 days of

service of the complaint.  CNA based its removal on its assertion that plaintiff's claim for total

disability falls within the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(a)(1)(B).  In support of this assertion, CNA stated the following:

      2.  The complaint seeks to recover compensatory and punitive damages in a civil action for CNA's alleged failure to pay plaintiff's claim for total disability under an ERISA-governed long term disability plan. See [ERISA], 29 U.S.C. § 1132(a)(1)(B). The claims in plaintiff's complaint relate to an employee welfare benefit plan as defined in ERISA.

      3.  Plaintiff was a participant in an employee welfare benefit plan (the "Plan") sponsored and maintained by Quorum Health Services, Inc. ("Quorum"), and adopted by plaintiff's employer, QHG of Gadsden, Inc., ("QHG") d/b/a/ Gadsden Regional Medical Center, which is engaged in interstate commerce. QHG is an affiliate of Quorum. Quorum is the parent company and sole shareholder of Quorum, Inc., which is the sole shareholder of QHG. Quorum provides long-term disability insurance benefits to its employees and employees of certain affiliated companies through a contract of insurance (the "Contract") with CNA. The long-term disability benefits referred to in the complaint relate to benefits available under the [C]ontract. As the claims administrator, CNA interprets the term of the Contract and determines whether claims are payable, hence, CNA is an ERISA fiduciary pursuant to 29 U.S.C. § 1002(21)(A).

      4.  The policy of insurance referred to in the complaint is the Contract, which is an employee welfare benefit plan as defined in the ERISA, 29 U.S.C. § 1002(1).

      ...

      6.  This action is removable to this Court pursuant to 28 U.S.C. § 1441(b), because the state law claims against CNA involve exclusive federal remedies available to participants and beneficiaries under ERISA plans pursuant to 29 U.S.C. § 1132(a).

CNA's Notice of Removal, Doc. 1.

Plaintiff does not dispute the veracity of these statements.  Rather, plaintiff argues that CNA has produced no ERISA plan, has inadequately alleged facts leading to the conclusion that this is an ERISA case, and failed to file affidavits or documents in support of its removal in a timely manner.  Based on this lack of evidence demonstrating that this case is governed by ERISA, plaintiff argues that the case has been improperly removed to this court and should be remanded.[1]  In support of this argument, plaintiff cites <u>Miles v. Kilgore</u>, 928 F. Supp. 1071 (N.D. Ala. 1996); <u>Mitchell v. Investors Guaranty Life Ins. Co.</u>, 868 F. Supp. 1344 (N.D. Ala. 1994); <u>Mitchell v. Investors Guaranty Life Ins. Co.</u>, 861 F. Supp. 1039 (N.D. Ala. 1994); <u>Bryant v. Blue Cross and Blue Shield of Alabama</u>, 751 F. Supp. 968 (N.D. Ala. 1990); and <u>Hensley v. Philadelphia Life</u>, 878 F. Supp. 1465 (N.D. Ala. 1995).

CNA argues that plaintiff's attorney, Myron Allenstein, has represented numerous other plaintiffs in similar suits in cases in the Northern District of Alabama in which Mr. Allenstein sought claims for long term disability benefits under ERISA's civil enforcement provisions from the exact plan at issue in this case.  CNA therefore attempts to clarify plaintiff's position, which is not that ERISA does not govern this action, but rather that CNA defectively removed this action to federal court.  CNA argues that plaintiff's position, that removal was improper because CNA did not file copies of all relevant plan documents with the clerk of court concurrently with its Notice of Removal, is simply untenable.  CNA asserts that all that is required for removal is "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446.  In support of its

---

[1] Plaintiff also notes that claims sought are less than $75,000.  However, removal was based on federal question rather than diversity jurisdiction, rendering this point immaterial.

position, CNA relies on <u>Rachel v. Georgia</u>, 342 F.2d 336 (5th Cir. 1965); <u>Allman v. Hanley</u>, 302 F.2d 559 (5th Cir. 1962); and <u>Harris Diamond Co. v. Army Times Publishing Co.</u>, 280 F. Supp. 273 (S.D.N.Y. 1968); and argues that cases cited by plaintiff are distinguishable.

## DISCUSSION

"It is well established that removal statutes are to be strictly construed against removal. Removal of civil cases to federal court infringes state sovereignty. This is a central concept of federalism. The burden of proof is on the removing party to present facts establishing its right to removal." <u>Miles v. Kilgore</u>, 928 F. Supp. at 1075 (internal citations omitted).

Plaintiff relies on a bundle of cases decided by Northern District of Alabama District Judge Acker: <u>Bryant</u>, <u>Mitchell</u>, and <u>Hensley</u>. In each of these cases, Judge Acker remanded the suit to state court based upon the defendant's failure to plead sufficiently specific facts to support the necessary elements of an ERISA claim. In <u>Bryant</u>, the defendant's notice of removal contained no allegations of fact to reflect that the policy at issue was governed by ERISA. Judge Acker concluded that even a post-removal affidavit alleging supportive facts, when filed only in response to the plaintiff's motion to remand, was insufficient to keep the case in federal court. 751 F. Supp. at 969-970 ("The original complaint neither mentions ERISA nor invokes any other federal statute.... The notice of removal contains no allegation of fact, verified or otherwise, to reflect that the previous policy or the substitute policy issued by Blue Cross is governed by ERISA."). In <u>Mitchell</u>, Judge Acker remanded a suit where the plaintiffs "flatly" denied that an ERISA-qualified plan was at issue and the defendants failed to allege facts sufficient to demonstrate the existence of an ERISA-qualified plan. 861 F. Supp. at 1041; see also 868 F. Supp. 1344 (defendants second notice of removal, while characterized as being "beefed up",

4

failed to explain why the defendants should get a second chance for removal). And in Hensley, Judge Acker remanded a suit to state court where the removing defendants "failed to allege, much less to prove, the requisites of a qualified ERISA plan" when it merely alleged that the complaint was "related to" an "employee benefit plan." 878 F. Supp. at 1466.

None of the three cases cited by CNA deal with ERISA specifically. Rather, they deal with more general removal principles. See Rachel, 342 F.2d at 340 ("If a petition for removal states sufficient in the way of allegations to support proof of adequate grounds for removal, it is to be treated in the same manner as a complaint in federal court.") (dealing with Civil Rights Act of 1964); Allman, 302 F.2d at 562 ("The absence of detailed grounds setting forth basis for removal is not fatal to defendants' right to remove.") (dealing with Federal Employees' Compensation Act); Harris Diamond, 280 F. Supp. at 274-75 (notice of removal need only contain "a short and plain statement of the facts" which entitle the defendant to removal).

In this case, Christian has not denied that an ERISA plan is at issue here, although no federal statute, including ERISA, is cited in her complaint. Rather, her argument is that the removal of this suit was procedurally defective because CNA failed to sufficiently show that ERISA controls this case. However, CNA, in its Notice of Removal, elaborates beyond its claim that Christian's claims simply "relate to an employee benefit plan." CNA goes on to give some specifics about the plan at issue and how ERISA governs. Thus, CNA appears to have alleged in its Notice of Removal (without considering the Declaration of Katherine Buck, with exhibits) sufficient facts supporting its contention that ERISA controls this case. The Eleventh Circuit has cautioned courts against removal where federal jurisdiction is not clear, not simply where there may be a procedural hiccup. That is to say, the burden is on establishing federal jurisdiction per

5

se. In this case, Christian does not deny that this court would have jurisdiction but for the late

filing of CNA's plans and documents.  See, e.g., Tapscott v. MS Dealer Service Corp., 77 F.3d

1353, 1356 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., __ F.3d

__, 2000 WL 217490 (11th Cir. Feb. 24, 2000); Carroll v. QHG of Alabama, Inc., 9 F. Supp. 2d

1303, 1306 (M.D. Ala. 1998) ("[T]he Eleventh Circuit Court of Appeals favors remand of cases

that have been removed where federal jurisdiction is not absolutely clear.").

    Based upon the foregoing, plaintiff's motion to remand will be denied.

This 30 day of March, 2000.


                                     **ROBERT B. PROPST**

            **SENIOR UNITED STATES DISTRICT JUDGE**

6